IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02986-WJM-KLM

KAREN SCAVETTA,

    Plaintiff,

v.

KING SOOPERS, INC., and
DILLON COMPANIES, INC.,

    Defendants.

___

**ORDER**
___

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Second Unopposed Motion to Clarify and Amend Complaint** [Docket No. 38; Filed January 4, 2012] (the "Motion").

As a preliminary matter, the Scheduling Order [#20] governing this case provides that the deadline for joinder of parties and amendment of pleadings was May 23, 2011. *Scheduling Order* [#20] at 8 § 9(a). Thus, Plaintiff's Motion was untimely filed. Accordingly, Plaintiff must provide good cause for her failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4).[1] If good cause is shown, the Court next considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . .

---

[1] The Court denied, without prejudice, Plaintiff's First Unopposed Motion to Clarify and Amend Complaint [#38] for failure to provide good cause for her failure to timely move for amendment. *See Order* [#37].

when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The key issue here is whether Plaintiff has provided good cause for amendment. It is the Court's practice, and indeed the practice of other judges in this District, to resolve untimely motions to amend first by considering the Rule 16(b)(4) good cause standard as a threshold issue. *See, e.g., Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL1464588 (Apr. 18, 2011) (unpublished decisions) ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (unpublished decisions) (reviewing untimely motion to amend only as to good cause standard pursuant to Rule 16(b)(4)). Simply, if good cause is not shown, the Court is not required to consider whether Rule 15(a) excuses that failure. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'").

While Plaintiff must "show that [she was] diligent in attempting to meet the [pleading amendment] deadline," this standard can be met by the provision of "an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 & n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does).  Plaintiff avers that the parties had not yet commenced discovery as of May 23, 2011, the deadline for joinder of parties and amendment of pleadings.  *See Motion* [#38] at 3.  On September 8, 2011, Defendants produced many documents that, Plaintiff asserts, show that she "was terminated because she was 'regarded as' disabled under the American[s] with Disabilities Act Amendments Act of 2008."  *Id.*  After Plaintiff had time to review these documents, Plaintiff and Defendant met on October 18, 2011 "to resolve several of the pending discovery and pleading issues to avoid unnecessary and expensive litigation."  *Id.* at 2. Among other agreements, Defendant promised not to oppose Plaintiff's first motion to amend her Complaint.  *See id.*  On November 12, 2011, Plaintiff filed the motion, which was later denied, without prejudice, by the Court.  *See Unopposed Motion to Clarify and Amend Complaint* [#33]; *Order* [#37].  Plaintiff seeks to amend her Complaint primarily "to make clear that she is bringing a claim for disparate treatment and unlawful termination under the Americans with Disabilities Act, as amended."  *See Unopposed Motion to Clarify and Amend Complaint* [#33] at 1.

While it cannot be denied that Plaintiff should have sought an extension of the pleading amendment deadline prior to its expiration, the Court is inclined to allow amendment of the Complaint here.  To be clear, the Court does not condone Plaintiff's

decisions to delay amendment and ignore the Court deadline. Nevertheless, the Court does not view this as the type of carelessness that the good cause standard is meant to address. *See Pumpco, Inc. v. Schenker Int'l, Inc.* 204 F.R.D. 667, 668 (D. Colo. 2001). Although an exceedingly close call, the Court find that Plaintiff has provided good cause for requesting leave to amend outside the pleading amendment deadline.

### B. Rule 15(a) Requirements

The Court now turns to Rule 15(a) and whether justice would be served by permitting amendment. As noted above, in situations where the request falls outside the pleading amendment deadline and assuming good cause is shown, leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile. *Foman*, 371 U.S. at 182. While Plaintiff's Motion came after the pleading amendment deadline expired, it nevertheless came well before the expiration of the discovery deadline. Moreover, the amendment was not a surprise to Defendants as Defendants have already agreed not to oppose this Motion. *See Motion* [#38] at 1. Further, during the delay, Plaintiff was attempting to obtain evidence related to her case. Although Plaintiff delayed, and the Court finds that she did not give appropriate deference to a Court deadline, the Court does not find that this history evidences an <u>undue</u> delay. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#38] is granted.

IT IS FURTHER **ORDERED** that the Clerk of Court is to accept Plaintiff's Amended Complaint [#37-1] for filing as of the date of this Order. Plaintiff asserts that,

"If this motion should be granted, Defendants have requested that their previously filed Answer to the Amended Complaint be deemed filed with the Court." *See Motion* [#38] at 1. Accordingly, no new Answer to the Amended Complaint will be permitted, and the already-filed Answer [#6] is deemed the Answer to the Amended Complaint.

Dated: January 5, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge