**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02986-WJM-KLM

KAREN SCAVETTA,

      Plaintiff,

v.

KING SOOPERS, INC., and
DILLON COMPANIES, INC.,

      Defendants.
_____

**ORDER OVERRULING MAGISTRATE JUDGE'S DISCOVERY RULING, AND
DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER**
_____

      This matter is before the Court on Plaintiff's Appeal of the Magistrate Judge's

Order Granting Defendants' Oral Motion for Protective Order Regarding Financial

Information with Respect to Plaintiff's Punitive Damages Claim ("Plaintiff's Appeal").

(ECF No. 43.)  Defendants have filed a Response to Plaintiff's Appeal.  (ECF No. 44.)

As the title of Plaintiff's Appeal indicates, Plaintiff asks this Court to review U.S.

Magistrate Judge Kristen L. Mix's Minute Order granting Defendants' oral motion for a

protective order regarding Defendants' financial information, which Plaintiff sought

discovery of for purposes of Plaintiff's punitive damages claim.  After carefully reviewing

the issues presented, the Court finds it appropriate to OVERRULE the Magistrate

Judge's Minute Order, DENY Defendants' oral motion for a protective order, and allow

Plaintiff discovery of Defendants' financial condition.

## I.  BACKGROUND

Plaintiff filed this action against Defendants on December 9, 2010 (ECF No. 1),

and filed the operative Amended Complaint ("Operative Complaint") on January 5, 2012

(ECF No. 41).  In the Operative Complaint, Plaintiff brings claims under the Americans

with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and

Colorado common law, alleging that Defendants unlawfully terminated her employment

as a pharmacist at King Soopers in 2009.  Plaintiff alleges, *inter alia*, that she suffers

from rheumatoid arthritis, that as a result of this disability she can not administer flu

shots, that she had a medical order from her physician not to administer flu shots due to

her disability, that Defendants were on notice of her disability and her inability to

administer flu shots, and that Defendants nevertheless terminated her employment

because of her disability and pursuant to a systematic plan to replace older pharmacists

with younger pharmacists.[1]  Among other relief, Plaintiff seeks an award of punitive

damages.

On January 17, 2012, Magistrate Judge Mix held a telephonic discovery hearing,

and issued a Minute Order addressing Defendants' "oral Motion for Protective Order

regarding financial information with respect to Defendants' punitive damages claim."

(ECF No. 42.)  Without explanation, the Minute Order states that the Court granted

Defendants' Motion.  (*Id.*)  The court reporter's transcript of the telephonic discovery

hearing, attached to Plaintiff's Appeal, indicates that Defendants made an oral motion

---

[1] Plaintiff was forty-eight years old at the time of her termination.

for a protective order based on a discovery request from Plaintiff seeking information

pertaining to Defendants' financial condition and net worth.  (ECF No. 43-1, at 2-3.)

After hearing argument from the parties, Magistrate Judge Mix granted Defendants'

Motion on the ground that there is a statutory cap on punitive damages in this case, and

therefore Defendants' financial condition is not relevant in the action.  (*Id.* at 9.)

Specifically, Magistrate Judge Mix stated,

> [I]n a case where the claims are brought pursuant to statutes that
> have a statutory damages cap on punitive damages, the financial
> condition of the defendant is not relevant.  In other words, the plaintiff
> doesn't have to prove anything with respect to the financial condition of
> the defendant.  The plaintiff's attempt to gain punitive damages faces a
> maximum statutory limit; therefore, whether the defendant is impecunious
> and has essentially no assets, or whether the defendant is the richest
> company in the world and has considerable assets, is simply not relevant
> to an award of punitive damages because there is a maximum statutory
> cap.
> So for that reason, I find . . . that the information sought by the
> plaintiff in this case on an ADA claim is not relevant to the subject matter
> of the litigation, and the motion for protective order is granted.

(*Id.* at 8-9.)

Plaintiff appeals that ruling, arguing that Defendants' financial condition is

relevant to Plaintiff's claim for punitive damages, that Plaintiff should therefore be

entitled to discovery of Defendants' financial condition, and that the mere fact that

punitive damages are capped in this action does not render the financial information

irrelevant.  (ECF No. 43.)

In their Response to Plaintiff's Appeal, Defendants argue that Magistrate Judge

Mix's order should be upheld because their financial condition is not relevant to

Plaintiff's claim for punitive damages, and alternatively request that, if the Court is inclined to order disclosure of Defendants' financial condition, Defendants should only be required to disclose such information if Plaintiff's case survives the summary judgment stage.  (ECF No. 44, *see also* ECF No. 45.)

## II.  LEGAL STANDARD

In considering objections to non-dispositive rulings by a Magistrate Judge, such as that at issue here, the Court must adopt the Magistrate Judge's ruling unless it finds that the ruling is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  The "clearly erroneous" standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).  The "contrary to law" standard permits "plenary review as to matters of law," 12 Charles Alan Wright, Arthur R. Miller, Richard L. Cooper, Federal Practice and Procedure § 3069, at 355 (2d ed. 1997), but the Court will set aside a Magistrate Judge's order only if it applied the wrong legal standard or applied the appropriate legal standard incorrectly.  *See Wyoming v. U.S. Dep't of Agric.*, 239 F. Supp. 2d 1219, 1236 (D. Wyo. 2002).  "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive . . . disputes, the court will overrule the magistrate judge's determination only if his discretion is abused."  *Ariza v. U.S. West Commc'ns, Inc.*, 167 F.R.D. 131, 133 (D.

4

Colo. 1996); *see also* Wright *et al.*, *supra*, at 350 (noting that the "contrary to law"

standard appears to invite plenary review but noting that "many matters . . . might be

better characterized as suitable for an abuse-of-discretion analysis.").

### III.  ANALYSIS

The Court begins by pointing out that, according to binding Tenth Circuit case

law, the financial condition of a defendant is relevant to the issue of the proper amount,

if any, of punitive damages to be awarded.  *See Deters v. Equifax Credit Information*

*Services*, 202 F.3d 1262, 1273 (10th Cir. 2000) ("In assessing the reasonableness of

the punitive damages award in the instant case, we must consider the purposes of such

a remedy, namely to punish and deter.  In this respect, the wealth and size of the

defendant are relevant considerations.  We agree with the district court that Equifax's

gross operating revenue of $1.8 billion in 1996 could be considered in levying a

substantial punitive damages award.") (citations omitted); *Continental Trend Res., Inc.*

*v. OXY USA Inc.*, 101 F.3d 634, 641 (10th Cir. 1996) ("[W]ealth must remain relevant [in

determining the proper amount of punitive damages], because $50,000 may be

awesome punishment for an impecunious individual defendant but wholly insufficient to

influence the behavior of a prosperous corporation.").[2]

Because the financial condition of the defendant is relevant to a punitive

damages claim, such information is generally discoverable, with some courts holding

---

[2] For this reason, the Court questions the statement made in *E.E.O.C. v. Dillon Companies, Inc.*, No. 09-cv-02237, 2010 WL 3239262 (D. Colo. Aug. 13, 2010), that "the Court does not see how Defendant's net worth is relevant to any of Plaintiff's claims, including its request for punitive damages . . . ."  *Id.* at *5.

that to be entitled to such discovery a plaintiff must sufficiently plead allegations providing grounds for an award of punitive damages.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."); *James v. Heuberger Motors, Inc.*, No. 10-cv-01648, 2011 WL 334473, at *3 (D. Colo. Jan. 28, 2011) ("The Court finds that it is most appropriate to allow discovery of financial information upon a prima facie showing that a plaintiff will be entitled to punitive damages should he or she succeed on the merits of his or her claim."); *E.E.O.C. v. Envtl. & Demolition Servs., Inc.*, 246 F.R.D. 247, 249-50 (D. Md. 2007) ("[A] majority of courts hold that pretrial discovery of financial statements relevant to a punitive damages claim is generally permissible without any prima facie showing of entitlement to such damages").

Even assuming (without deciding) that Plaintiff must make a *prima facie* showing of entitlement to punitive damages to be entitled to discovery regarding Defendants' financial condition, the Court holds that Plaintiff has done so here.  Plaintiff's Operative Complaint alleges that Defendants were on notice of Plaintiff's disability, were on notice of Plaintiff's physician's order that she not administer flu shots, but nevertheless terminated her employment because of her disability.  These allegations sufficiently make out a *prima facie* showing that Plaintiff may be properly awarded punitive damages if she succeeds on her claims.  *See Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1115 (10th Cir. 2001) ("In the Tenth Circuit, the standard for punitive damages for discrimination in violation of federal civil rights is that the discrimination

6

must have been 'malicious, willful, and in gross disregard of plaintiff's rights.'")
(quotation marks and brackets omitted).

The Court next turns to the basis on which Magistrate Judge Mix granted
Defendants' motion for a protective order, namely, that the analysis above changes
when one is dealing with an employment discrimination action that involves a statutory
cap on the potential damage award.  The statute governing damages in this action – 42
U.S.C. § 1981a(b)(3) – creates caps on the total amount of compensatory damages and
punitive damages that can be awarded.  The caps on total damage awards range from
$50,000 to $300,000, depending on the size of the employer.  *See* 42 U.S.C. §
1981a(b)(3).  The $300,000 cap applies to employers with more than 500 employees,
which is likely the case for Defendants here.

The Court disagrees with Magistrate Judge Mix's ruling that this cap on the sum
of compensatory and punitive damages renders Defendants' financial situation "not
relevant" in this action.  In the case of a defendant with more than 500 employees, the
Court can envision a scenario where a jury awards a plaintiff $50,000 in compensatory
damages, but might award anywhere from $50,000 to $250,000 in punitive damages
depending on the financial resources of the defendant.  Under such a scenario, (1) the
financial resources of the defendant could prove to be highly relevant to the ultimate
damage award, and (2) the fact that a statutory damages cap of $300,000 exists has
absolutely no bearing on the jury's determination of punitive damages and the court's
ultimate damage award.  Under other scenarios, certainly, the financial resources of the

defendant *ultimately* prove to be not relevant (*e.g.*, where a jury awards $300,000 in compensatory damages alone).  However, the Court finds it inappropriate to conclude that Defendants' financial resources will ultimately prove to be "not relevant."  At this stage of the proceedings, the information is relevant because it *could* ultimately impact the jury's decision regarding the proper amount of punitive damages, if any.  *See* Fed. R. Evid. 401.[3]

The Court finds this conclusion to be well-supported in the case law.  *See, e.g.*, *Britton v. Car Toys, Inc.*, No. 05-cv-00726, 2007 WL 1395290, at *2-*3 (D. Colo. May 9, 2007) (allowing discovery of defendant's financial condition in case where plaintiff's punitive damages claim was subject to statutory damages cap); *E.E.O.C. v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235-36 (E.D. Wis. 1996) (same); *E.E.O.C. v. Staffing Network*, No. 02 C 1591, 2002 WL 3147380, at *4 (N.D. Ill. Nov. 4, 2002) ("[A] corporate defendant's financial information may be relevant for purposes of Rule 26 regardless of the fact that punitive damages are capped under Title VII.  Indeed, juries are not permitted to know that the damages are capped."); *Richardson v. Rock City Mechanical Co., LLC*, No. 3-09-0092, 2010 WL 711830, at *5 (M.D. Tenn. Feb. 24, 2010) ("The defendant also suggests because there is a cap on punitive damages pursuant to 42 U.S.C. § 1981a(b)(3), the plaintiff is not entitled to the defendant's financial information.  The Court does not understand that argument."); *see also* 21 Fed.

---

[3] Further, the statutory cap is not applied by the jury, it is applied by the court only if the jury's award exceeds the statutory cap.  *See* 42 U.S.C. § 1981a(c)(2).  This further reinforces the conclusion that it is not appropriate to prevent disclosure of relevant information that could be presented to the jury for consideration of its damage award, if any.

Proc., L. Ed. § 50:868 ("The general rule that a defendant's financial status is relevant for discovery purposes when the plaintiff seeks punitive damages is applicable [even where the governing] statute places a cap on the defendant's liability for punitive damages."). Thus, the statement in *E.E.O.C. v. Dillon Companies, Inc.*, No. 09-cv-02237, 2010 WL 3239262 (D. Colo. Aug. 13, 2010), that *Britton* is an "anomaly" lacks merit, and the Court finds the brief discussion of this issue in *E.E.O.C. v. Dillon Companies, Inc.* to be unpersuasive.

In sum, the Court concludes that Magistrate Judge Mix's ruling that Defendants' financial condition is "not relevant" because a statutory damages cap applies in this case is clearly erroneous and subject to reversal under Federal Rule of Civil Procedure 72(a).

## IV. CONCLUSION

In accordance with the foregoing, the Court hereby ORDERS as follows:

(1) Magistrate Judge Mix's Minute Order granting Defendants' oral Motion for Protective Order regarding financial information with respect to Defendants' punitive damages claim is OVERRULED; and

(2) Defendants' oral Motion for a Protective Order regarding its financial information is DENIED.

Dated this 16th day of August, 2012.

BY THE COURT:

William J. Martinez
United States District Judge