IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Civil Action No. 10-cv-02986-WJM-KLM

KAREN SCAVETTA,

    Plaintiff,

v.

KING SOOPERS, INC., and
DILLON COMPANIES, INC.,

    Defendants.

---

## ORDER GRANTING PLAINTIFF'S MOTIONS *IN LIMINE*

---

Plaintiff Karen Scavetta ("Plaintiff") brings claims for unlawful termination, discrimination, and retaliation under the Americans with Disabilities Act ("ADA") against her former employer, King Soopers, Inc. and Dillon Companies, Inc. (collectively "Defendants").  The trial of this action is scheduled to commence on June 17, 2013, with the Final Trial Preparation Conference set for June 3, 2013.  (ECF Nos. 57, 68.)

This matter is before the Court on Plaintiff's Motions *in Limine* ("Motion").  (ECF No. 73.)  For the reasons set forth below, the Motion is granted in its entirety.

## I.  ANALYSIS

Plaintiff's Motion seeks to preclude the following evidence from being admitted at trial: (1) an offer of reinstatement and/or settlement made to Plaintiff following the incident at issue; (2) Plaintiff's assets, including her real property, and the income of her husband, Guy Scavetta; (3) any payments from unemployment insurance received by Plaintiff following her termination; and (4) Guy Scavetta's prior employment, discharge,

and grievance against King Soopers.  (*Id.* at 3-7.)  The Court will address each category of evidence in turn.

## A.    Settlement Offer

Plaintiff seeks to preclude the admission of evidence and related argument regarding an offer of reinstatement and settlement of her claims that was allegedly made to Plaintiff via her former union representative on or about March 3, 2010.  (ECF No. 73 Ex. 4.)  The document in question is entitled "Settlement Agreement," and contains relevant provisions reading that "Karen [Scavetta] will be reinstated, and will be placed on paid sick leave starting as of the day after the day last worked," and "any and all legal issues and/or proceedings shall, upon fulfillment of the terms of this settlement, be cancelled without prejudice."  (*Id.*)  The Settlement Agreement contains signature lines for the union and the employer, but is unsigned and undated.  (*Id.*)

Under the Federal Rules of Evidence, "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Relevant evidence is generally admissible at trial, Fed. R. Evid. 402, but "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," Fed. R. Evid. 403.  Where evidence of any offer to compromise a claim is used "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction," Rule 408 prohibits its admission at trial.

Fed. R. Evid. 408.  However, such evidence is admissible if offered "for another purpose".  Fed. R. Evid. 408(b).

Plaintiff's Motion argues that the Settlement Agreement—an offer to reinstate her and compromise her claims—should be excluded under Federal Rule of Evidence 408 because it would be offered for the purpose of proving or disproving the amount of her claim, namely, whether she failed to mitigate her damages.  (ECF No. 73 at 3-5.) Plaintiff also argues that the evidence is inadmissible because its probative value is outweighed by the danger of unfair prejudice, confusion, and waste of time under Rule 403.  (*Id.* at 4.)[1]

In Response, Defendants first argue that the Settlement Agreement "is not evidence of a settlement offer requesting [that] Plaintiff compromise her ADA claim," and therefore Rule 408 does not apply to exclude it.  (ECF No. 80 at 2.) Notwithstanding Defendants' assertions to the contrary, the Court finds that Rule 408 applies to the Settlement Agreement, as it is clear from the title of the document as well as the provision requiring the signatory to cancel any legal proceedings that it is an offer to compromise a claim.[2]  (*See* ECF No. 73 Ex. 4.)  Accordingly, the Settlement

---

[1] Plaintiff's Motion argues in the alternative that the evidence should be excluded as irrelevant under Rule 402 because only an unconditional offer of reinstatement would be relevant to mitigation of damages under the ADA, and the Settlement Agreement was a conditional offer of reinstatement.  (*Id.* at 4.)  Because of the liberal relevance standard under Rule 401, requiring only that evidence have "any tendency" to make a consequential fact more or less probable, the Court is not persuaded that the Settlement Agreement is irrelevant.  *See* Fed. R. Evid. 401.

[2] Defendants' citation to *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365 (10th Cir. 1977), is unpersuasive.  (ECF No. 80 at 1.)  In *Big O*, business communications were not held to be inadmissible settlement negotiations where the "discussions had not crystallized to the point of threatened litigation." *Big O*, 561 F.2d at 1373. The instant case is distinguishable, as Plaintiff's allegations and evidence show that she

Agreement may not be offered "to prove or disprove the validity or amount" of Plaintiff's claim.  *See* Fed. R. Evid. 408.

Nevertheless, Defendants contend that even if the Settlement Agreement were an offer to compromise a claim, their purposes for introducing it as evidence are permissible as "[ ]other purpose[s]" under Rule 408(b).  (*Id.* at 2.)  Defendants alleged that they seek to introduce the Settlement Agreement in order to demonstrate a break in causation of Plaintiff's alleged damages, King Soopers' good faith efforts to address Plaintiff's accommodation request, and Plaintiff's failure to mitigate her damages.  (*Id.* at 2.)

However, the parties cite conflicting authority on whether evidence of a failure to mitigate damages goes to the "amount" of the claim under Rule 408, or whether it falls into the exception under Rule 408(b) for evidence offered for "another purpose".  (*See* ECF No. 73 at 5; ECF No. 80 at 2.)  While several circuits have weighed in on either side of the issue, no binding authority exists in the Tenth Circuit.  *Compare Urico v. Parnell Oil Co.*, 708 F.2d 852, 854-855 (1st Cir. 1983) (settlement evidence admissible regarding mitigation of damages); *Bhandari v. First Nat'l Bank of Commerce*, 808 F.2d 1082, 1103 (5th Cir. 1987) (same); *Orzel v. Wauwatosa Fire Dep't*, 697 F.2d 743, 757 n. 26 (7th Cir. 1983) (same); *with Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992) (settlement evidence inadmissible regarding mitigation of damages as it goes to "amount" of the claim); *and Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791,

---

threatened litigation in an e-mail dated December 16, 2009, reading in pertinent part: "I will be seeking other legal remedies to my wrongful termination outside of the union."  (ECF No. 73 Ex. 3.)

4

797-798 (6th Cir. 2007) (same).

Due to the Tenth Circuit's silence on the question, the Court lacks binding precedent upon which to rely in determining whether mitigation of damages goes to the amount of the claim, or is offered for another purpose and would therefore fall within the exception to the rule. Nevertheless, the Tenth Circuit has stated that "when the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers." *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987). Further, an overly restrictive construction of "validity or amount" in reading Rule 408's evidentiary prohibitions risks allowing the exception at Rule 408(b) to swallow the rule. Accordingly, the Court will exclude the Settlement Agreement and any other evidence of compromise offers from evidence for the purpose of proving or disproving mitigation of damages, pursuant to Rule 408.

While Defendants' other proposed purposes for admitting the Settlement Agreement—the break in causation of damages, and King Soopers' efforts to accommodate Plaintiff—are not inadmissible under Rule 408, the Court finds that the Settlement Agreement's limited probative value for those purposes is substantially outweighed by the danger of undue prejudice and confusion of the issues. *See* Fed. R. Evid. 403. Defendants' argument that "King Soopers . . . never discussed sick pay, disability issues, or any other detail with the union" and that "fact issues remain as to whether the [document] was a 'settlement offer' at all" casts doubt on the validity and utility of the offer for probative purposes. (*See* ECF No. 80 at 2.) Further, admission of the Settlement Agreement is likely to mislead the jury into focusing upon the offer to compromise rather than on the elements of Plaintiff's claims. Therefore, the Court will

5

also prohibit the Settlement Agreement from being introduced as evidence at trial for those purposes.  Naturally, this ruling does not preclude Defendants from offering separate evidence, apart from evidence of settlement offers or negotiations, on the issues of causation and the interactive process.

**B.      Plaintiff's Assets**

Plaintiff also seeks to preclude evidence from being admitted at trial regarding her assets, including her ownership of multiple houses and her husband's income as set forth in their joint income tax returns.  (ECF No. 73 at 6.)  Plaintiff argues that such evidence is irrelevant, and any limited relevance is substantially outweighed by the risk of unfair prejudice, confusing the jury, and undue delay under Rule 403.  (*Id.*)  Defendants argue in their Response that evidence of Plaintiff's assets is relevant to impeach her credibility regarding her motive for failing to return to work, her emotional distress resulting from being "financially destitute," and the extent of her economic loss.  (ECF No. 80 at 3.)

The Court has reviewed Plaintiff's Amended Complaint, and finds that it contains no allegations that Plaintiff's emotional distress resulted from her indigency or any indication that her financial status played a role in her motivation to return to work.  (*See* ECF No. 41.)  Defendants have presented no further indication that such allegations are at issue.  Further, evidence of Plaintiff's real property assets and her husband's income is unrelated to her economic damages resulting from the loss of income from her employment.  Defendants' straw man arguments are unavailing, and the Court finds that evidence of Plaintiff's and her husband's assets have little to no relevance to the issues in this case.  In addition, any limited relevance of such evidence is substantially

6

outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403. Evidence that Plaintiff and her husband have substantial real property or financial assets may unfairly prejudice the jury against her in a case where the jury's focus should be on the alleged discrimination and unlawful termination. Accordingly, evidence regarding Plaintiff's assets, and those of her husband, is inadmissible at trial.

**C.    Unemployment Benefits**

Plaintiff's Motion also seeks to preclude the admission of evidence related to her receipt of unemployment benefits after her termination from King Soopers. (ECF No. 73 at 6.) Plaintiff argues that such evidence is barred by the collateral source rule. (ECF No. 73 at 6.) Defendants dispute that Plaintiff's receipt of unemployment compensation constitutes collateral source income, and argue that even if it does, it should be admissible with a limiting instruction for the purpose of impeaching Plaintiff's credibility. (ECF No. 80 at 3.)

The Court applies Colorado law in determining whether the collateral source rule bars admission of evidence. *See Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 880 (10th Cir. 2006) (holding that federal procedural rules do not "preempt the so-called substantive state rules of evidence, such as . . . the collateral source rule"); *Macsenti v. Becker*, 237 F.3d 1223, 1241 (10th Cir. 2001) (applying state law in determining whether evidence would be inadmissible under collateral source rule).

The Tenth Circuit has held that state unemployment compensation payments are a collateral benefit subject to the collateral source rule. *EEOC v. Sandia Corp.*, 639

F.2d 600, 626-27 (10th Cir. 1980). "Under the common law collateral source rule, . . . [a]ny third-party benefits or gifts obtained by the injured plaintiff accrue solely to the plaintiff's benefit and are not deducted from the amount of the tortfeasor's liability." *Volunteers of Am. Colo. Branch v. Gardenswartz*, 242 P.3d 1080, 1082-83 (Colo. 2010). "To ensure that a jury will not be misled by evidence regarding the benefits that a plaintiff received from sources collateral to the tortfeasor, [the common law collateral source rule also dictates that] such evidence is inadmissible at trial." *Id.* at 1083.

Although the passage of Colorado Revised Statute § 13-21-111.6 partially abrogated the common law collateral source rule, Colorado case law continues to hold that unemployment benefits are subject to the collateral source rule, and the Colorado Court of Appeals has held that Colorado Revised Statute § 13-21-111.6 does not alter the common law rule that such evidence should not be heard by juries and is therefore inadmissible at trial. *See Crossgrove v. Wal-Mart Stores, Inc.*, 280 P.3d 29, 35 (Colo. Ct. App. 2010), *aff'd,* 2012 CO 31, 276 P.3d 562 (Colo. 2012).

Therefore, the Court will preclude the admission of evidence of Plaintiff's receipt of unemployment benefits pursuant to the collateral source rule. The Court need not decide whether the evidence may be admissible to attack Plaintiff's credibility regarding her motivation for failing to return to work, the source of her emotional distress, and the extent of her economic loss; these arguments were disposed of in the Court's discussion of the evidence of Plaintiff's assets (*see* Part I.B., above), and they are equally irrelevant to Plaintiff's receipt of unemployment compensation. Accordingly, evidence regarding Plaintiff's receipt of unemployment benefits is inadmissible at trial.

8

D.     **Guy Scavetta's Prior Employment**

Finally, Plaintiff's Motion seeks to preclude the admission of evidence related to her husband's prior termination from employment at King Soopers, as well as the grievance he filed against the company.  (ECF No. 73 at 7.)  Plaintiff argues that such evidence is irrelevant, and any limited relevance is substantially outweighed by the risk of unfair prejudice, confusing the jury, and undue delay under Rule 403.  (*Id.*)

The Court agrees.  Guy Scavetta's employment and discharge have little to no relevance to Plaintiff's claims or Defendants' defenses.  Defendants argue that evidence of Guy Scavetta's prior employment and the reasons for his termination ("mistreatment of customers") are relevant to demonstrate Plaintiff's knowledge of King Soopers' policies and values regarding customer service, the consequences at King Soopers for mistreatment of customers, and Plaintiff's motive and bias with respect to King Soopers in the instant case.  (ECF No. 80 at 4.)  As Plaintiff was herself a King Soopers employee, Guy Scavetta's experience at King Soopers is at best marginally probative of his wife's knowledge of King Soopers' policies and practices, and the jury will likely be misled and confused into focusing on Guy Scavetta's dispute with King Soopers and is likely to unfairly attribute his actions to Plaintiff.  Further, even if Plaintiff's motives and bias stemming from her husband's negative experiences with King Soopers is assumed to be relevant, its probative value is overwhelmingly outweighed by the great likelihood of misleading the jury and unduly delaying the proceedings in an extensive exploration of an unrelated employment action.

Accordingly, the Court finds that evidence regarding Guy Scavetta's employment, discharge, and grievance is inadmissible at trial pursuant to Rule 403.

## II.  CONCLUSION

In accordance with the foregoing, the Court ORDERS that Plaintiff's Motions *in Limine* (ECF No. 73) are GRANTED, and it is further ORDERED that the following evidence will be inadmissible at trial:

1.  Evidence of the settlement offer made to Plaintiff, and the offer of reinstatement contained therein;

2.  Evidence regarding Plaintiff's assets and joint tax returns with her husband;

3.  Evidence regarding Plaintiff's receipt of unemployment benefits; and

4.  Evidence of or concerning Guy Scavetta's prior employment, discharge, and/or grievance against his former employer.

Dated this 31st day of May, 2013.

BY THE COURT:

William J. Martinez
United States District Judge