**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 10-cv-02986-WJM-KLM

KAREN SCAVETTA,

    Plaintiff,

v.

KING SOOPERS, INC.,
THE KROGER CO., and
DILLON COMPANIES, INC.,

    Defendants.

---

**ORDER DENYING MOTION TO AMEND THE PLEADINGS**

---

    Plaintiff Karen Scavetta ("Plaintiff") brings claims for unlawful termination against her former employer, King Soopers Inc. *et al.* ("Defendants").  Before the Court is Defendants' Motion to Amend the Pleadings ("Motion").  (ECF No. 94.)  Plaintiff has filed a Response to this Motion (ECF No. 103).  No reply was permitted, and the Motion is now ripe for adjudication.

    Having reviewed the parties' briefs, and for the reasons set forth below, the Motion is denied.  Defendant will not, therefore, be permitted to pursue a preemption defense as described in this Order. Trial will proceed as scheduled on Monday, June 17, 2013 at 8:00 a.m.

## I. BACKGROUND

On May 24, 2012, Defendants filed their Proposed Pretrial Order. (ECF No. 49.) In the section entitled "Claims and Defenses", Defendants stated as follows:

> 1. Plaintiff fails to state a claim upon which relief may be granted. 2. Plaintiff failed to exhaust her administrative remedies with respect to some of her allegations. 3. Plaintiffs fourth claim for relief is barred because Plaintiff has an adequate statutory remedy. 4. Plaintiff was not disabled within the meaning of the ADA. 5. Plaintiff failed to engage in the interactive process in good faith. 6. Defendants' actions were based on legitimate, non-discriminatory factors. 7. Defendants at all times acted in good faith with respect to Plaintiffs employment with King Soopers. 8. Plaintiff failed to mitigate her damages, if any. 9. Plaintiffs damages, if any, are limited by statutory caps. 10. Any employment actions were taken for reasonable factors other than the Plaintiffs age.[1]

(*Id*. at 8-9.) Defendants' filing was adopted by the Court on May 29, 2012 in the form of Final Pretrial Order. (ECF No. 53.) That Order expressly stated:

> [T]his Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties . . . , or by order of the Court to prevent **manifest injustice**. The **pleadings will be deemed merged** herein. (*emphasis added*.)

(Id. at 18.) The question currently before the Court is whether Defendants should be permitted to amend the pleadings—twelve days before trial—to add an affirmative defense that Plaintiff Karen Scavetta's tort claim for wrongful discharge in violation of public policy is preempted by § 301 of the Labor Management Relations Act ("LMRA").

---

[1] The Court notes that nowhere in the Proposed Order did Defendants refer to an affirmative defense of preemption, despite particularizing ten other defenses in same. (See ECF No. 49.)

**II. ANALYSIS**

Pursuant to Fed. R. Civ. P. 16(e), a Final Pretrial Order may only be modified "to to prevent manifest injustice." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208-10 (10th Cir. 2002); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The party moving for such modification bears the burden of proving that manifest injustice will result absent the amendment. *Id.* at 1208; *Beene v. Ford Motor Co.*, 2011 U.S. Dist. LEXIS 18721, at *5-6 (D. Colo. Feb. 25, 2011).[2] The Tenth Circuit has explained that, when reviewing a decision by a district court to deny a request to amend a Final Pretrial Order, it will consider: "(i) the extent of prejudice or surprise to the nonmoving party if the amendment were permitted; (ii) the ability of that party to cure any prejudice; (iii) disruption to the litigation by inclusion of the new issue; and (iv) bad faith by the party seeking to modify the order." *Koch*, 203 F.3d 1202, 1222 & n. 10.

Before weighing the *Koch/Davey* factors, the Court notes that Defendants' brief does not accurately reflect, nor cite, the correct rule of civil procedure. On June 3, 2013, at the Trial Preparation Conference ("TPC"), the Court granted Defendants leave to file the instant Motion. Defendants have, however, squandered this opportunity by failing to make reference to the correct procedural rule relevant to this Motion—namely, Fed. R. Civ. P. 16(e). Instead, reference is made to Fed. R. Civ. P. 15(a)(2). This fails

---

[2] Defendants' brief contends that "[a]fter a final pretrial order is entered, *some* courts will analyze requests for amendment of pleadings under the 'manifest injustice' standard." (ECF No. 94.) The Court clarifies this point: on a motion to amend a final pretrial order, *all* courts are required to address this standard—including the instant one. This is reinforced by the Final Pretrial Order itself, which expressly states: (1) the pleadings are "merged herein" and, (2) that amendment to the Final Pretrial Conference can only be made . . . to prevent manifest injustice." (ECF No. 53 at 18.)

to realize that the former standard is more stringent than the latter, and applies to amendments *after* the issuance of a Final Pretrial Order. By ignoring Rule 16(e), Defendants also dilute the significance of Defendants' request—*i.e.,* Defendants are seeking to amend the pleadings a mere twelve days before trial. Given Defendants' conflation of the relevant rules, and the timing of Defendants' Motion, it is difficult to see how denial of the Motion would result in the kind of "manifest injustice" that Rule 16(e) is intended to encompass. *See Joseph Mfg. Co. v. Olympic Fire Corp.*, 986 F.2d 416, 419-20 (10th Cir. 1993).

The Court recognizes that the evaluation of manifest injustice is within its discretion, and that while "[o]nce formalized pretrial orders should not be changed lightly. . . total inflexibility is undesirable." *See* Advisory Comm. Note to Fed. R.Civ. P. 16(e). But even assuming the determination of manifest injustice is driven solely by the *Koch* factors (i)-(iv), the Court concludes that those factors cut heavily against Defendants' position. *Compare Koch*, 203 F.3d at 1208 (noting that the factors are only applied by the Tenth Circuit to assess an abuse of discretion and that a district court is not required to so.) *See also Beene v. Ford Motor Co.*, 2011 U.S. Dist. LEXIS 18721, at *5-6 (D. Colo. Feb. 25, 2011) (applying a similar four-factor framework to the instant case, including a finding of bad faith against the defendant for making tactical decisions not to raise relevant defenses).

With respect to the first factor, the Court finds that prejudice would exist should the Motion be granted. As Plaintiff contends, Defendants have failed to articulate why they were unable to identify their federal preemption argument earlier. (ECF No. 103 at

2.) The Court agrees. There is no reasonable explanation offered. The preemption defense was not pled in Defendants' Answer, nor was it argued in Defendants' Motion for Summary Judgment. (ECF No. 45.) The Court disposed of the Motion for Summary Judgment on January 28, 2013. (ECF No. 66). Notwithstanding this, Defendants waited until June 3, 2013 to first raise the defense. While Defendants proffer that "preemption is often raised as a failure to state a claim", this begs the question: why didn't Defendants raise the preemption defense by way of a Rule 12(b)(6) Motion at an earlier stage in these proceedings. (ECF No. 94.) Either Defendants lacked diligence, or Defendants made a strategic choice not to raise the preemption defense. On either view, this only compounds the prejudice against Plaintiff. And thus by raising the preemption defense on the eve of trial, Defendants have surprised Plaintiff in every sense of the word because nothing in the record suggests that Plaintiff had notice of the defense before June 3, 2013. This bolster's Plaintiff's position on the first factor.

Accordingly, the Court finds that the first factor cuts against Defendants due to the prejudice and surprise caused to Plaintiff in the final stages of this litigation. *Koch*, 203 F.3d at 1212.

With respect to the second factor—whether the prejudice can be cured—this factor is contingent, in part, on whether there is a need to re-open discovery.[3] Defendants contend that additional discovery is not required because the issues of

---

[3] The Court also notes that there is some degree of overlap between the first and second factors given that each factor addresses prejudice.

whether "state law is preempted by § 301 of the LMRA . . . involves *interpretation* of a collective bargaining agreement." (ECF No. 94 at 1-2.) (emphasis added).  But Defendants' contention is deficient for two reasons.  First, Plaintiff's state-law claim rests on the tort for wrongful termination.  The tort is premised on violation of public policy with respect to public health, safety and welfare.  *(See* ECF No. 66 at 14.) *See, Bonidy v. VVCAD*, 186 P. 3d 80, (Colo. Ct. App. 2008).  The elements of the tort facially bear no relation to contractual terms.  Defendants' briefing did not meaningfully address this point.   Second, and to the extent that the tort claim is possibly tied to the interpretation of the collective bargaining agreement (if at all), the Court finds that Defendants have failed to articulate how permitting Plaintiff to proceed with her state-law tort claim would in any way conflict with the federal policy in § 301 of the Labor Management Relations Act.  Indeed, Defendants fail to argue: (1) which provision of the collective bargaining agreement applies; (2) whether that provision can be construed as a matter of law, and (3) whether *extrinsic evidence* (a factual issue) would be required to examine the purported provision that preempts the Plaintiff's state-law tort claim.[4]  Without addressing these points—particularly point (3)—the Court is left to speculate whether discovery would need to be re-opened on the preemption defense.  The burden

---

[4] The Court notes that it is this second reason, coupled with (1)-(3) points, *inter alia*, that would also foreclose Defendants' argument that the Court should decline to apply the waiver rule separate to the manifest injustice analysis addressed in this Order. *Compare, Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210 (6th Cir. 1987). In short, the Court need not decide the waiver issue in *Apponi* because Defendants have not discharged their burden with respect to Rule 16(e).

is on Defendants to support this factor with relevant law and fact. It has failed to do so.[5] This factor also cuts against granting Defendants' Motion to Amend.

The third factor, disruption to the litigation, is also problematic for Defendants. This litigation commenced on September 12, 2010. Now, twelve days before trial, the preemption defense is being raised and is disrupting the litigation in terms of the parties' preparation for trial. To say otherwise is fictitious. Specifically, in the Court's Order disposing of Defendant's Motion for Summary Judgment, the Court found that four claims were trial worthy. (ECF No. 66.) The preemption defense goes to only *one* of these claims: wrongful discharge. On the eve of trial, the preemption defense is just that: a distraction; ever more so where Defendants have not properly articulated how the defense would apply, nor the relevant evidence that would be relevant to its disposition. As such, this factor militates against the granting of Defendants' Motion.

The final factor—whether there has been bad faith—is finely balanced. While there is nothing in the record to suggest that Defendants have acted in bad faith, the timing of the Motion seems questionable. Defendants contend that they only "identified the preemption issue as [they] synthesized proposed exhibits, jury instructions, and deposition testimony for trial." (ECF No. 94 at 5.) But this does not square with the record, because (1) the proposed exhibits were first being identified and appended to the Final Pretrial Order on May 29, 2012 (ECF No. 53); (2) the jury instructions were

---

[5] The Court cannot be "charged with making the arguments" to support Defendants' position." *Meyer v. Bd. of County Comm'rs*, 482 F.3d 1232, 1242 (10th Cir. 2007). Relatedly, the purpose for pleadings is to provide notice and inform what discovery is required. This case is no exception. Had Defendant pled the defense earlier, the Court would not now been in the position where it is forced to speculate whether to re-open discovery (or not).

filed on May 20, 2013 (ECF No. 75), and (3) deposition testimony was taken well before trial. Indeed, the case has been litigated over the course of the last 2.5 years, with the preemption defense only being raised a mere twelve days before trial.

While this incongruency does not supply evidence of bad faith *per se*, it does greatly minimize the weight the Court affords to Defendants on this factor. As such, the Court finds that this factor is either neutral, or tips slightly towards Defendants' position.

Notwithstanding the fourth factor, and in the totality, the Court finds that the above factors weigh in favor of denying Defendants' Motion to Amend the Pleadings. Defendants have not discharged their burden to demonstrate manifest injustice if the Motion is not granted. Therefore, the Motion to Amend the Pleadings— filed twelve days before trial—is denied. *See Koch*, 203 F.3d at 1208.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendants Motion is denied, and Defendants will not be permitted at trial to pursue an affirmative defense related to preemption as described in this Order. Trial will proceed as scheduled on Monday, June 17, 2013 at 8:00 a.m.

Dated this 13th day of June, 2013.

BY THE COURT:

William J. Martínez
United States District Judge