**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 10-cv-02986-WJM-KLM

KAREN SCAVETTA,

     Plaintiff,

v.

DILLON COMPANIES, INC., d/b/a
KING SOOPERS, INC.,

     Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFF'S MOTION OBJECTING TO CLERK'S TAXATION OF COSTS**

---

This matter is before the Court on Plaintiff Karen Scavetta's ("Plaintiff") Motion Objecting to the Clerk's Taxation of Costs Against Plaintiff ("Motion").  (ECF No. 128.) Judgment in this case was entered on June 22, 2013, after a four-day trial resulted in a jury verdict in favor of Defendant Dillon Companies, Inc., d/b/a King Soopers, Inc. ("Defendant").  (ECF No. 119.)  On July 17, 2013, costs were taxed against Plaintiff in the amount of $4,209.10.  (ECF No. 124.)  Plaintiff's Motion was filed on July 24, 2013. (ECF No. 128.)  Defendant filed a Response on July 30, 2013 (ECF No. 129), and Plaintiff filed no reply.  For the reasons set forth below, the Motion is granted in part and denied in part.

## I.  DISCUSSION

Plaintiff's Motion seeks to reduce the taxation of costs as to two witness depositions: (1) Mr. Dwayne Haynes, who did not testify at trial, and (2) Dr. Jeffrey

Metzner, who testified by video deposition.  (ECF No. 128 at 2.)

Costs may be awarded to the prevailing party pursuant to Federal Rule of Civil Procedure 54(d)(1), in the amounts allowed under 28 U.S.C. § 1920.  The taxation of costs rests in the sound judicial discretion of the trial court.  *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002).  Costs may be taxed where their expenditure was "'necessarily obtained for use in the case.'"  *Id.* (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988)).  The party seeking costs bears the burden to establish the amount to which it is entitled.  *Id.* at 1248-49.

Plaintiff first objects to the taxation of costs for the transcript of the deposition of Mr. Haynes, at the cost of $132.00, because Mr. Haynes never testified at trial, and thus his testimony was not necessary for use in the case.  (ECF No. 128 at 2.) Defendant argues that the "reasonably necessary" determination is based "on the particular facts and circumstances at the time the expense was incurred," and that courts "do not 'employ the benefit of hindsight' in determining whether materials . . . are reasonably necessary . . . ."  *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009) (quoting *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998)).  Defendant states that Mr. Haynes' deposition was cited in its summary judgment briefing, and that although he did not testify, both parties listed Mr. Haynes on their witness lists for trial.  (ECF No. 129 at 4.)  Therefore, Defendant contends, Mr. Haynes' deposition was reasonably necessary.

The Court finds that Plaintiff may be taxed with the costs for Mr. Haynes's deposition.  The Tenth Circuit has established that even where materials are not

essential to the district court's resolution of the case, deposition transcript costs may be taxed where they were "offered into evidence, were not frivolous, and were within the bounds of vigorous advocacy." *In re Williams*, 558 F.3d at 1148 (internal quotation marks omitted).  Mr. Haynes's testimony was considered for trial by both parties, his deposition was offered for the purposes of Defendant's summary judgment motion, and Plaintiff makes no argument that it was frivolous.  The Court finds that Mr. Haynes's deposition transcript costs were necessarily obtained for use in the case, and thus Plaintiff may be taxed with those costs.

With respect to Dr. Metzner's deposition, Plaintiff argues that she should not be taxed with the costs for the transcript at the cost of $1,004.00 or the video deposition at the cost of $705.00, because Dr. Metzner's unavailability to testify at trial in person due to a conflicting personal vacation was the result of Defendant's failure to timely and properly notify him of the trial date.  (ECF No. 128 at 2-3.)  Defendant does not answer this argument, contending instead that, because Plaintiff ultimately called Dr. Metzner in her case-in-chief and did not propose an alternative solution to the video deposition, the costs were reasonably necessary for use by both parties given Dr. Metzner's absence. (ECF No. 129 at 2-3.)

Because Defendant does not respond to Plaintiff's assertion that Dr. Metzner's unavailability resulted from Defendant's failure to timely notify him of the trial schedule, the Court cannot conclude that Plaintiff is in error in this regard.  If Dr. Metzner had appeared to testify in person, Plaintiff would have been able to call him as a witness at no cost to her.  The Court finds that these costs were not reasonably necessary for use in the case, but rather merely "added to the convenience of counsel" with respect to

3

providing notice of the trial dates.  *See In re Williams*, 558 F.3d at 1147.  Therefore,

Plaintiff's Motion is granted with respect to the costs related to Dr. Metzner's deposition.

## II.  CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1.      Plaintiff's Motion Objecting to Clerk's Taxation of Costs Against Plaintiff (ECF

No. 128) is GRANTED IN PART and DENIED IN PART;

2.      Plaintiff's Motion is GRANTED with respect to the costs related to Dr. Metzner's

deposition;

3.      Plaintiff's Motion is DENIED with respect to the costs related to Mr. Haynes's

deposition; and

4.      The Bill of Costs shall be amended to reduce by $1,709.00 the deposition costs

taxed against Plaintiff.


Dated this 5th day of March, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge